## DODGE *versus* HOOPER.

Until a settlement or adjustment has been made among the several part owners of a vessel, relative to *her earnings and disbursements,* no action can be maintained by one of them against another for his share of the net avails.

The same rule applies, even after the defendant had sold his part of the vessel.

The same rule applies, though the defendant, while part owner, had had control of the vessel, sailing her on shares.

ON FACTS AGREED.

ASSUMPSIT.

The defendant was part owner of the schooner Mary Ann, and sailed her as master. The plaintiff owned part of her, and there were three other part owners. About the time when this suit was commenced, the defendant sold his share to one of the other part owners. The plaintiff, however, attached

Dodge *v.* Hooper.

that share in this suit. His claim is for his part of the schooner's earnings, while sailed by the defendant as master.

The defendant filed an account in set-off for disbursements on account of the vessel, and for wages and for money paid the owners, as a part of the earnings. There has been no settlement of the affairs of the vessel.

If this action is not maintainable, a nonsuit is to be entered, otherwise it is to stand for trial.

*Hinckley,* for the plaintiff.

If the case proceed to trial, a principal question will be as to the terms on which the vessel was sailed. The plaintiff contends that the defendant sailed her on shares, while, as it is understood, the defendant insists that he was on wages by the month. This is a question for the jury, distinct from any that can arise between the parties as part owners.

The question sought to be settled in this stage of the case, is whether the fact of the master's being a part owner, affects his liability to a suit in this form in his capacity as master.

Every thing between the parties stands as it would have done, provided the defendant had sold out previous to the commencement of the plaintiff's claim, or if he had never had an interest in the vessel as owner. The whole matter is between owner and master, and distinct from questions that arise between owners. It is apparent that the rule laid down in *Maguire* v. *Pingree,* 30 Maine, 508, and other similar cases cannot be applicable here, unless the Court intended to say that a partner, in one kind of business, shall not maintain an action against his co-partner about a matter not relating to the partnership.

*Robinson,* for the defendant.

Rice, J. — The defendant was part owner as well as master. Whether he sailed the vessel on shares, or otherwise, is not material. Before it can be determined whether there is any thing due the plaintiff, arising out of the use of the vessel, by the defendant, a settlement between them as part owners must be had. To permit the plaintiff to recover of

the defendant, as master, money which he would be liable to refund for disbursements, made by him as part owner, on account of the vessel, would be to complicate, rather than adjust, disputed and conflicting claims. The law does not authorize this mode of procedure in such cases. *Sturtevant* v. *Smith*, 29 Maine, 387; *Maguire* v. *Pingree*, 30 Maine, 508; *Hardy* v. *Sprowl*, 33 Maine, 508.

*Plaintiff nonsuit.*

Shepley, C. J., and Tenney, Hathaway and Appleton, J. J., concurred.